```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

     Plaintiff,

v.                                Case No: 2:22-cv-439-JES-NPM

P & T LAWN AND TRACTOR
SERVICE, INC., PETER
ZIELINSKI, DANIEL MCGUIRE,
and CONNIE MCGUIRE,

     Defendants.
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Amended Motions to Dismiss/Stay and Memorandum of Law (Docs. #21, 22, 23) filed on October 20, 2022 and October 21, 2022. Plaintiff filed a Omnibus Response in Opposition (Doc. #30) on November 14, 2022. For the reasons set forth below, the motions to dismiss are granted in part and denied in part.

**I.**

In this insurance coverage dispute, plaintiff Southern-Owners Insurance Company (Southern-Owners) seeks declaratory relief pursuant to 28 U.S.C. § 2201 and Chapter 86 of the Florida Statutes. More specifically, Southern-Owners seeks a declaration that it has no duty to defend and/or indemnify defendants P&T Lawn and Tractor Service, Inc. (P&T) and Peter Zielinski (Zielinski),

1

P&T's vice president, in a lawsuit filed against them in state court by Daniel and Connie McGuire (the McGuires). (Doc. #1, ¶ 6.)

The federal Complaint (Doc. #1) sets forth the following allegations: On October 4, 2021, the McGuires filed a second amended complaint (the Operative Complaint) in Florida state court against P&T and Zielinski (the "Underlying action"). (Id., ¶¶ 8-10, 29.)  The Operative Complaint alleges that: (1) on or about April 1, 2019, Daniel McGuire entered into an oral contract with Zielinski and P&T to construct a paver driveway and perform landscape and irrigation services at the McGuires' Fort Myers, Florida home (the Home) for a sum not to exceed $50,000 (Id., ¶ 11);  and (2) on or about May 29, 2019, Zielinski assaulted and battered Daniel McGuire at the Home. (Id., ¶ 12.)  The Operative Complaint asserts four claims against Zielinski (for assault, battery, loss of consortium, and breach of contract), and three claims against P&T (for breach of contract, negligent hiring, and negligent retention). (Id., ¶¶ 13-14.)  The McGuires seek a variety of damages.  (Id., ¶ 15.)

The federal Complaint further asserts that Southern-Owners had issued two insurance policies to P&T for the relevant time-period: (1) a Tailored Protection Policy, which is a commercial general liability policy (the CGL Policy), and (2) an Umbrella Policy (the Umbrella Policy). (Doc. #1, ¶¶ 16, 22; Docs. ##1-3; 1-4).  The federal Complaint sets forth four counts:

2

- Count I seeks a declaratory judgment stating that Southern-Owners has no duty to defend and/or indemnify Zielinski in the Underlying Lawsuit because there is no coverage under the GCL Policy for the claims by the McGuires. (Doc. #1, ¶¶ 28-40.)

- Count II seeks a declaratory judgment stating that Southern-Owners has no duty to defend and/or indemnify Zielinski in the Underlying Lawsuit because there is no coverage under the Umbrella Policy for the claims by the McGuires. (Doc. #1, ¶¶ 41-52.)

- Count III seeks a declaratory judgment stating that Southern-Owners has no duty to indemnify P&T in the Underlying Lawsuit because there is no coverage under the GCL Policy for the claims by the McGuires. (Doc. #1, ¶¶ 53-65.)

- Count IV seeks a declaratory judgment stating that Southern-Owners has no duty to indemnify P&T in the Underlying Lawsuit because there is no coverage under the Umbrella Policy for the claims by the McGuires. (Doc. #1, ¶¶ 66-77.)

**II.**

Defendants P&T, Zielinski, and the McGuires (collectively the Defendants) seek dismissal (or a stay) of one of the duty to defend claims (Count II) and all of the duty to indemnify claims because

3

those portions of the Complaint are not ripe for adjudication in a declaratory judgment action. (Docs. ##21, 22, 23[1].)

### A. Declaratory Judgment Act — 28 U.S.C. § 2201

The Declaratory Judgment Act provides that "[i]n a case of actual controversy," a federal court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In the context of insurance cases, the role of a declaratory judgment action is well-established:

> Declaratory actions are especially helpful for third parties—insurance companies in particular. That is because a tort suit against an insured often generates distinct issues beyond whether the insured is liable for the tort, say, whether the insurer has a duty to defend, or whether the insured's policy covers the liability alleged in the complaint. When the policy does not cover the liability even if all the facts alleged in the complaint are true, declaratory relief enables the insurance company to avoid the tort suit completely. And even when the policy does apply, a declaratory suit allows the insurance company to resolve its liability without waiting for every individual injured party to sue the insured. Declaratory judgments thus play a valuable role in this context, clarifying insurance companies' liability quickly and directly.

James River Ins. Co. v. Rich Bon Corp., 34 F.4th 1054, 1058 (11th Cir. 2022) (internal citations omitted.) Despite its helpfulness,

---

[1] Each Defendant filed identical Motions to Dismiss/Stay (Docs. ##21, 22, 23), therefore the Court will address the Defendants' arguments together.

4

however, a declaratory judgment action in the insurance context must still involve a "case of actual controversy."

A "case of actual controversy" in § 2201(a) refers to the type of "Cases" and "Controversies" justiciable under Article III of the United States Constitution. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). "In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists." Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995)(footnote and citation omitted.)  To determine whether there is a case of actual controversy, courts look to "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc., 549 U.S. at 127 (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

A necessary component of a justiciable controversy is that the case be ripe for adjudication.  Ripeness "goes to whether [a] district court had subject matter jurisdiction to hear the case." Dig. Properties, Inc. v. City of Plantation, 121 F.3d 586, 591 (11th Cir. 1997)(citation omitted.)  The ripeness requirement applies to cases brought pursuant to the Declaratory Judgment Act.

Smith v. Casey, 741 F.3d 1236, 1244-45 (11th Cir. 2014); Vandenbrink v. Voneschen, 542 F. App'x 728, 730 (11th Cir. 2013).

To be ripe, the case must not be dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Trump v. New York, 208 L. Ed. 2d 365 (2020), quoting Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Article III's "ripeness doctrine protects federal courts from engaging in speculation or wasting resources through the review of potential or abstract disputes." Dig. Properties, Inc., 121 F.3d at 589. To determine ripeness, courts look at two factors: (1) "the fitness of the issues for judicial decision, and [(2)] the hardship to the parties of withholding court consideration." Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty., Fla., 842 F.3d 1324, 1329 (11th Cir. 2016) (citation omitted).

**B. Relevant Florida Insurance Law**[2]

---

[2] "In a contract action, a federal court sitting in diversity jurisdiction applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result." Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Florida courts apply the rule of lex loci contractus, which "provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." State Farm Mut. Auto. Ins. Co. v. Roach, 945 So. 2d 1160, 1163 (Fla. 2006). The CGL and Umbrella Policies demonstrate they were issued and delivered to P&T, a Florida corporation, in Florida. (Doc. #1-3, p. 1; Doc. #1-4, p. 1.) "Because the insurance policies were issued in Florida to a Floridian, Florida law

6

Under Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify. Advanced Sys., Inc. v. Gotham Ins. Co., 272 So. 3d 523, 526-27 (Fla. 3d DCA 2019); Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC, 601 F.3d 1143, 1148 (11th Cir. 2010).  The basic principles under Florida law are well-established, and do not appear to be disputed by the parties.

- An insurer's duty to defend an insured in a legal action "arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 442–43 (Fla. 2005).

- With some exceptions not pertinent to this case, the determination of a duty to defend is based solely on the "the eight corners of the complaint and the policy," Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 10 (Fla. 2004), regardless of the actual facts of the case and regardless of any later developed and contradictory factual record. Jones, 908 So. 2d at 442–43.  See also Travelers Indem. Co. of Conn. v. Richard Mckenzie & Sons, Inc., 10 F.4th 1255, 1261 (11th Cir. 2021).

- Even if the allegations in the complaint are meritless, the duty to defend nonetheless arises. Westchester Gen. Hosp.,

---

controls." N. Am. Co. for Life & Health Ins. v. Caldwell, 55 F.4th 867, 869 (11th Cir. 2022).

7

Inc. v. Evanston Ins. Co., 48 F.4th 1298, 1302 (11th Cir. 2022).

- An insurer's duty to defend is more extensive than the duty to indemnify. S. Winds Constr. Corp. v. Preferred Contractors Ins. Co., 305 So. 3d 723, 724 (Fla. 3d DCA 2020).

- An insurer's duty to indemnify is determined by reference to the actual facts and circumstances of the injury. Regardless of the allegations in the complaint, if the facts show the insureds liability stems from a claim for which no coverage is provided under the policy, the insurer owes no duty to indemnify. Mid-Continent Cas. Co. v. Royal Crane, LLC, 169 So. 3d 174, 179 (Fla. 4th DCA 2015). "The duty to indemnify is thus often dependent upon further factual development through discovery or at trial." Alicea Enters., Inc. v. Nationwide Ins. Co. of Am., Inc., 252 So. 3d 799, 802 (Fla. 2d DCA 2018). "Allegations alone may establish a duty to defend, but they do not establish a duty to indemnify." U.S. Fire Ins. Co. v. Hayden Bonded Storage Co., 930 So. 2d 686, 692 (Fla. 4th DCA 2006).

### III.

**A. Duty to Defend**

None of the Defendants challenge the ripeness of the portion of Count I which seeks a declaratory judgment that there is no duty to defend Zielinski under the GCL Policy. Defendants do

challenge, however, the portion of Count II which seeks declaratory judgment that there is no duty to defend Zielinski under the Umbrella Policy. Defendants assert, and Southern-Owners concedes, that the Umbrella Policy is only triggered if the CGL Policy does not provide coverage to Zielinski. Thus, Defendants argue, the duty to defend under the Umbrella Policy is dependent on an event that has not yet occurred – namely a determination as to whether the CGL Policy applies to Zielinski – and is therefore not ripe for adjudication. Southern-Owners responds that because it takes the position that it has no duty to defend Zielinski under the CGL Policy, whether it has a duty to defend Zielinski under the Umbrella Policy is necessarily at issue as well. (Doc. #30, pp. 7-8.)

The Court finds that Southern-Owners' declaratory action relating to its duty to defend Zielinski under the Umbrella Policy is ripe for review. See Safeco Ins. Co. of Ill. v. Tremblay, No. 2:16-cv-837-FtM-38CM, 2018 WL 3648265, 2018 U.S. Dist. LEXIS 128857, at *3 (M.D. Fla. Aug. 1, 2018). It is not necessary to know that the umbrella police will be triggered if, as here, there is an actual controversy. See, Travelers Prop. Cas. Co. of Am. v. H.E. Sutton Forwarding Co., LLC, ___ F. Supp. 3d ___, 2:21-CV-719-JES-KCD, 2022 U.S. Dist. LEXIS 140768, 2022 WL 3155402, at *3 (M.D. Fla. Aug. 8, 2022)(duty to defend was ripe even though the limits of liability of the Underlying Policy had not yet been exhausted,

9

and therefore there was no present need to resort to the "excess" policy.)  The Court therefore denies Defendants' motion to dismiss Count II as to a declaration regarding Plaintiff's duty to defend Zielinski under the Umbrella Policy.

### B. Duty to Indemnify

All Defendants assert that the requests for a declaratory judgment concerning the duty to indemnify under the GCL Policy and the Umbrella Policy are not ripe for adjudication.  This is so, they argue, because Southern-Owners has failed to allege the existence of a judgment, settlement, or some other resolution that would trigger a duty to indemnify.  Since the Underlying Complaint is still pending, Defendants argue, the indemnification portion of all counts cannot be ripe for adjudication.  (Doc. #21, p. 3; Doc. #22, p. 3; Doc. #23, p. 3.)

The former Fifth Circuit has stated that "no action for declaratory relief will lie to establish an insurer's liability ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp., 445 F.2d 1278, 1281 (5th Cir. 1971). Although this has been characterized as *dicta*, the Eleventh Circuit has held in unpublished opinions that "[t]he duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims." J.B.D. Constr., Inc.

10

v. Mid-Continent Cas. Co., 571 F. App'x 918, 927 (11th Cir. 2014). See also Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc., 766 F. App'x 768, 770 (11th Cir. 2019).

Southern-Owners does not allege that a final judgment, settlement, or other final resolution exists in the Underlying Action that would trigger any duty to indemnify Zielinski or P&T under the CGL and/or Umbrella Policies. Rather, Southern-Owners argues that because there is no duty to indemnify if there is no duty to defend, both duties are ripe. (Doc. #30, p. 11.) The Court does not agree.

Southern-Owners is correct that Florida law precludes a duty to indemnify if there is no duty to defend. But that does not make a duty to indemnify ripe at the beginning of every case. Am. Safety. Indem. Co. v. T.H. Taylor, Inc., 513 F. App'x 807, 810 n.4 (11th Cir. 2013). For the Court to issue a declaration as to Southern-Owners' duty to indemnify under the CGL and Umbrella Policies, at this time, would be advisory and nothing more than mere conjecture.[3]  See Watermark Constr., L.P. v.

---

[3] Southern-Owners argues that there is an exception to this rule if "the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). If there is such an exception, the Court is not convinced it applies here. The exception is discretionary, and the Court declines to exercise its discretion in this case. See Delacruz Drywall Plastering & Stucco, Inc., 766 F. App'x at 771; Nat'l Union Fire Ins. Co. v. Beta Constr. LLC, 816 F. Supp. 2d 1256, 1260-61 (M.D. Fla. 2011).

11

Southern-Owners Ins. Co., No. 6:17-cv-1814-Orl-40TBS, 2018 U.S. Dist. LEXIS 40831, 2018 WL 1305913, at *6 (M.D. Fla. Mar. 13, 2018) (finding that a request for a declaration before a finding of liability is "nothing more than a request for an impermissible advisory opinion").

Finally, Southern-Owners argues that settlement may be facilitated if the Court determines the parties' rights under the contract. (Doc. #30, p. 9.)  This may be true, but does not persuade the Court to consider the issue prematurely.  "Although clarification of the indemnity question might expedite a settlement, that uncertain prospect must yield to the benefits of dismissal." See Atain Specialty Ins. Co. v. Sanchez, No. 8:17-cv-1600-T-23AEP, 2018 U.S. Dist. LEXIS 71041, 2018 WL 1991937, at *3 (M.D. Fla. Apr. 27, 2018).

Accordingly, it is now

**ORDERED**:

Defendants' Amended Motions to Dismiss/Stay (Docs. ##21, 22, 23) are **GRANTED in part and DENIED in part**.

1. Defendants' Amended Motions to Dismiss are **GRANTED** as to a declaration regarding the duty to indemnify Zielinski under the CGL Policy (Count I). Count I is **DISMISSED without prejudice** for lack of subject matter jurisdiction only as to the duty to indemnify claim under the CGL Policy.

2. Defendants' Amended Motions to Dismiss are **GRANTED** as to a declaration regarding the duty to indemnify Zielinski under the Umbrella Policy (Count II). Count II is **DISMISSED without prejudice** for lack of subject matter jurisdiction only as to the duty to indemnity claim under the Umbrella Policy.  The motion to dismiss Count II is otherwise **DENIED.**

3. Defendants' Amended Motions to Dismiss are **GRANTED** as to a declaration regarding the duty to indemnify P&T under the CGL Policy (Count III).  Count III is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

4. Defendants' Amended Motions to Dismiss are **GRANTED** as to a declaration regarding the duty to indemnify P&T under the Umbrella Policy (Count IV). Count IV is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

5. The Motions to Stay are **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of March, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record